■ JUDY E. LILLY et al., Appellants-Respondents, v ROSE K. McGOWAN et al., Respondents-Appellants. — In a negligence action to recover damages for personal injuries, etc., the appeals are from (1) an interlocutory judgment of the Supreme Court, Nassau County (Roncallo, J.), entered May 5, 1981, which, after a jury trial on the issue of liability, apportioned liability at 80% against plaintiffs and 20% against defendants, and (2) a judgment of the same court (Murphy, J.), entered August 12, 1981, which, after a jury trial on the issue of damages, awarded plaintiff Judy E. Lilly the principal sum of $200,000 and awarded plaintiff Robert Lilly the principal sum of $20,000 (said sums representing the apportionment of liability, the original verdict having been $1,000,000 in favor of plaintiff Judy E. Lilly and $100,000 in favor of plaintiff Robert Lilly). Appeal from the interlocutory judgment dismissed, without costs or disbursements. The interlocutory judgment is reviewed upon the appeal from the final judgment (see *Matter of Aho,* 39 NY2d 241, 248). Judgment entered August 12, 1981, reversed, on the law and the facts, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon plaintiffs of a copy of the order to be made hereon, with notice of entry, plaintiffs shall serve and file in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict in favor of plaintiff Judy E. Lilly to the principal sum of $275,000 ($250,000 representing damages for pain and suffering and $25,000 representing lost earnings) and in favor of plaintiff Robert Lilly to the principal sum of $25,000 (which sums shall be further reduced in accordance with the apportionment of liability, i.e., 80% as against plaintiffs and 20% as against defendants), and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed. The verdict as to damages was excessive to the extent indicated. Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.